IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Lee McFadden, | ) | C/A No.: 4:11-1259-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| County of Florence (The State); and | ) | |
| County of Florence, Prosecutor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at Florence County Detention Center ("FCDC"). He brings this civil rights action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges his Fourth Amendment rights were violated. On April 29, 2010, Plaintiff was arrested for two counts of burglary in the second degree and grand larceny. [Entry #1 at 3]. According to Plaintiff, the warrant stated he had gained access through a window, but no one saw him enter the burgled residence through a window. *Id*. Therefore, Plaintiff challenges the truth of the warrant. *Id*. He also claims that a witness

statement "was a lie and a false incident report given by [officer] Jerry Gainey." *Id*. at 4. Plaintiff further states his right to be free from excessive bail was violated. *Id*. Plaintiff seeks damages and asks that all charges against him be "deleted." *Id*. at 8.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To the extent Plaintiff seeks injunctive relief, his claim is subject to summary dismissal. Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). In *Cinema Blue*, the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Id.* at 52.

Moreover, to the extent Plaintiff seeks damages from the Florence County prosecutor for alleged unjust incarceration, his complaint is barred by the well-established legal doctrine of prosecutorial immunity. Absolute immunity "is available for conduct of prosecutors that is 'intimately associated with the judicial phase of the criminal process.'" *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (citing *Imbler v. Pachtman,* 424 U.S.

3

409, 430 (1976)); *see also Burns v. Reed*, 500 U.S. 478 (1991). In the Fourth Circuit, it is well-settled that prosecutors are absolutely immune from liability for damages based on their decisions about whether and when to prosecute. *Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996); *see also Springmen v. Williams*, 122 F. 3d 211, 212–13 (4th Cir. 1997). Therefore, it is recommended that Plaintiff's claim against the prosecutor in his state criminal case be summarily dismissed.

To the extent Plaintiff seeks monetary relief against the County of Florence, he has failed to allege the County has a policy or custom that caused him injury. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 689 (1978) (municipalities and other local government bodies are "persons" within the meaning of § 1983, but plaintiff must identify a municipal "policy or custom" that caused plaintiff's injury. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged). Because Plaintiff has failed to allege a custom or policy, it is recommended that his claim against the County of Florence be dismissed.

Finally, to the extent Plaintiff is attempting to sue the State of South Carolina, the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the state or its integral parts. *See Alden v. Maine*, 527 U.S. 706, 713 (1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996) (Eleventh Amendment prohibits

Congress from making the State of Florida capable of being sued in federal court); *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 786 (1991) (Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State consents to suit[1] or Congress exercises its power under § 5 of the Fourteenth Amendment to override that immunity. Congress did not add language to 42 U.S.C. § 1983 indicating that it overrides the Eleventh Amendment. Therefore, the State of South Carolina is immune from suit in this action pursuant to the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

---

[1] The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

III.    Conclusion

Accordingly, it is recommended that the district judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[Signature]*

September 7, 2011                                              Shiva V. Hodges
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**